## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

<u>NOT FOR PUBLICATION</u>

| | |
|---|---|
| BROWN et al., | : |
| | : |
|         Plaintiffs, | :   Civil Action No. 07-3092(HAA) |
| | : |
|    v. | : |
| | : |
| ORGANON USA INC., et al., | : |
| | : |
|         Defendants. | : |
| _____ | : |
| HUNGER, | : |
| | : |
|         Plaintiff, | :   Civil Action No. 07-5253 (HAA) |
| | : |
|    v. | : |
| | : |
| ORGANON USA INC., et al., | : |
| | : |
|         Defendants. | : |
| _____ | : |
| TREMBLAY et al., | : |
| | : |
|         Plaintiffs, | :   Civil Action No. 07-5916 (HAA) |
| | : |
|    v. | : |
| | :   **REPORT AND RECOMMENDATION** |
| ORGANON USA INC., et al., | : |
| | : |
|         Defendants. | : |
| _____ | : |

**SALAS, United States Magistrate Judge**

Before this Court are several Plaintiffs'[1] motions to remand to the Superior Court of New Jersey, Law Division, Essex County and for attorneys' fees and costs. Pursuant to Local Civil Rule 72.1(a)(2), The Honorable Harold A. Ackerman, United States District Judge, has referred these motions to the undersigned for report and recommendation. For the reasons set forth below, the undersigned recommends granting the motions to remand.

## I. BACKGROUND

The Plaintiffs[2] in this matter are individuals that have purchased and used the prescription contraceptive NuvaRing. As a result of the use of NuvaRing, the Plaintiffs alleged to have suffered serious and permanent damages. NuvaRing is manufactured and marketed by the Defendants Organon USA, Inc., Organon Pharmaceuticals USA, Inc., Organon International, Inc. (collectively, "Organon") and Akzo Nobel NV (a company organized under the laws of The Netherlands). Organon is a subsidiary of Azko Nobel NV, and has its principal place of business in New Jersey. To date, Azko Nobel NV has not been served.

---

[1] In addition to the above captions, this opinion shall be binding on the matters consolidated under the caption *Brown et al. v. Organon USA, Inc.*, Civil Action No. 07-3092. Prior to this consolidated motion, there were over 30 pending motions to remand involving the Defendants. On October 10, 2007, after holding a conference with all counsel, the Court consolidated all the matters that had a pending motion to remand under the caption *Brown* for deciding the issue of remand only. Therefore, all pending motions to remand were to be withdrawn and a consolidated brief was to be filed that would be binding on all the consolidated matters. Subsequent to the consolidation, additional cases were removed to this Court and were then consolidated under *Brown* to decide the issue of remand. Additionally, motions to remand were filed in *Hunger* and *Tremblay* and the parties agreed to include them into this opinion. Thus, all matters that are to be decided under this opinion are listed in Appendix A.

[2] Because this Opinion shall be binding on all of the matters consolidated, the Court shall use "Plaintiffs" to refer to the group as a whole to discuss the facts that are general and germane to all the Plaintiffs. Any facts or arguments specific to any one Plaintiff will be mentioned as such.

2

Plaintiffs each bring individual complaints against Organon for alleged violations of New Jersey's Product Liability Act ("NJPLA") N.J.S.A. § 2A:58C-1, *et seq*. The Plaintiffs also bring additional claims such as: (1) failure to warn the public and the medical community of known and potential dangers of the drug in violation of NJPLA; (2) breach of warranty; (3) common law negligence; (4) consumer fraud; and (5) common law fraud. Plaintiffs also seek punitive damages.

Organon has timely removed each of these actions pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446. In its notices of removal, Organon asserts that federal jurisdiction over this case is proper on two separate and independent grounds. First, that this Court has federal question jurisdiction because Plaintiffs' "claims require resolution of issues premised on the application of federal law and regulations." The basis for this assertion is that under the NJPLA claims for punitive damages are only recoverable upon a showing that Organon committed fraud on the Food and Drug Agency ("FDA").[3] This determination, Organon argues, makes the Plaintiffs claims inherently federal in nature and therefore arise under federal law. In the alternative, Organon removed these cases on the basis of diversity jurisdiction even though Organon is a resident of New Jersey.[4] Organon argues that § 1441(b)'s in-state defendant

---

[3] All of the consolidated cases were removed on this basis.

[4] This basis for jurisdiction only applies to: *Brown et al. v. Organon USA, Inc. et al.*, Civil Action No. 07-3092; *Namack v. Organon USA, Inc., et* al., Civil Action No. 07-5757; *Ziwange et al. v. Organon USA, Inc., et al.*, Civil Action No. 07-5758; *Mecca v. Organon USA, Inc., et al.*, Civil Action No. 07-5780; *Leach v. Organon USA, Inc., et al.*, Civil Action No. 07-5915; *Tremblay et al. v. Organon USA, Inc., et al.*, Civil Action No. 07-5916; *Evaul et al. v. Organon USA, Inc., et al.*, Civil Action No. 07-6165; *Millan v. Organon USA, Inc., et al.*, Civil Action No. 08-196; *Vaughn v. Organon USA, Inc., et al.*, Civil Action No. 08-260; *Haupt v. Organon USA, Inc., et al.*, Civil Action No. 08-388; *West v. Organon USA, Inc., et al.*, Civil Action No. 08-574; *Gordon v. Organon USA, Inc., et al.,* Civil Action No. 08-571; *Thomas v. Organon USA, Inc., et al,* Civil Action No. 08-573; *Timothy v. Organon USA, Inc., et al.*, Civil Action No. 08-575;

removal preclusion is not applicable to the cases at bar because Organon was not properly joined and served at the time of removal as required under § 1441(b).  Therefore, § 1441(b) does not apply and removal is proper.

## II. FEDERAL QUESTION JURISDICTION

A district court has original subject matter jurisdiction over claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  A defendant may remove any civil action brought in a state court to federal court if the federal court would have had original jurisdiction over the matter. 28 U.S.C. § 1441.  On a motion to remand, the party asserting jurisdiction (the removing party) bears the burden of establishing that the action is properly before the court.  *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).  Moreover, as federal courts are of limited jurisdiction, removal statutes should be construed strictly against removal, with all doubts resolved in favor of remand.  *Id.*; *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

Removal based on federal question jurisdiction is governed by the well-pleaded complaint rule which states that "arising under" jurisdiction exists only when a federal question is presented on the face of the complaint.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Thus, the well-pleaded complaint rule is satisfied whenever "federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

---

*McCullough. v. Organon USA, Inc., et al.,* Civil Action No. 08-849; and *Bartelmez v. Organon USA, Inc., et al.*, Civil Action No. 08-1656.

However, the "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharmaceuticals Inc., v. Thompson, et al.*, 478 U.S. 804, 813 (1986). It is well "settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar, Inc.*, 482 U.S. at 393 (emphasis added). It is only when a federal cause of action "completely preempts" the state cause of action would the case properly "arise under" federal law. *Franchise Tax Bd.*, 463 U.S. at 24. To the Court's knowledge, the complete preemption doctrine does not apply to the Federal Drug and Cosmetic Act ("FDCA') nor does the FDCA supply a private cause of action. *Merrell Dow* 478 U.S. at 813; *DeAngelo-Shuayto v. Organon Pharmaceuticals USA Inc., et al.*, No. 07-2923, 2007 WL 4365311, at * 7 (D.N.J. Dec. 12, 2007).

It is undisputed that the Plaintiffs' complaints only plead state law causes of actions and does not present federal issues directly on its face. Rather here, the federal issue is incorporated into the standard by which Plaintiffs must prove in establishing their punitive damages claims. The Supreme Court has recognized that in certain situations purely state law claims embedded with a federal issue may create "arising under" jurisdiction when the federal issue is substantial. *Grable & Sons Metal Products, Inc., v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005).

In *Grable*, the IRS had seized real property belonging to the plaintiff and sold said property in satisfaction of debt. *Id.* at 310. The plaintiff brought a quite title action in state court against the purchaser claiming that the IRS did not follow the notice requirements mandated by

26 U.S.C. § 6335 in an IRS foreclosure action. *Id*. The defendant removed the case arguing that the court's interpretation of the federal notice statute presented a federal issue. *Id*. at 311. Although the federal law did not provide a private right of action, *Id*. at 319, the Supreme Court found that the plaintiff's claim warranted federal jurisdiction because at the heart of the claim was the meaning of the federal statute. *Id*. at 314-15. This determination was the only legal and factual issue in dispute. *Id*. Even though Congress did not provide a private right of action under the statute, the Court found that the issue of whether the plaintiff was given adequate notice hinges on the interpretation of the federal statute. *Id*. In so holding, the Court found that the relevant jurisdictional inquiry in such case is not whether Congress provided a private right of action, but rather, "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities[?]" *Id*. at 314.

Based on *Grable's* holding, Organon argues that Plaintiffs state law claims for punitive damages "hinge upon the substantial and disputed federal issue of whether Organon committed fraud on the FDA ... [and therefore] federal jurisdiction exists." In support of removal, Organon relies on *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341, 348 (2001) which held that state law fraud on the FDA claims are preempted. Organon argues that since Plaintiffs' claims for punitive damages require the Court to determine a question that is inherently federal in nature, i.e., whether Organon committed fraud on the FDA, this creates a substantial and disputed federal issue sufficient to sustain federal jurisdiction.

While the language of *Grable* is binding, its holding has been clarified and limited by subsequent decisions in light of precedents set forth by *Merrell Dow*. *Grable* has not been read

6

as to create a federal cause of action every time a state law claim involves an analysis of federal law. *Hirschbach v. NVE Bank*, 496 F. Supp.2d 451, 458 (D.N.J. 2007). Rather, *Grable* merely resolved a split among the Courts of Appeals as to whether *Merrell Dow* requires a federal cause of action as a condition for exercising federal questions jurisdiction. *Grable* 545 U.S. at 311. In *Merrell Dow*, the Supreme Court held that "a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation," does not state a claim sufficient for federal question jurisdiction. *Merrell Dow*, 478 U.S. at 817. The *Grable* Court clarified its *Merrell Dow* holding by stating that *Merrell Dow* "should be read in its entirety as treating the absence of a federal private right of action as evidence relevant to, but not dispositive of federal question jurisdiction." *Grable*, 545 U.S. at 318.

Moreover, *Grable* did not erode the basic teaching of *Merrell Dow* that a lack of a private right of action in a federal statute is important when deciding if there is federal question jurisdiction. What stands from *Grable*, is that in certain circumstances the federal issue will be so integral to the state law cause of action, that resolution of the federal issue will be the only real issue in the case. This will be true even if Congress did not provide a private right of action in the federal law. At the end of the day, *Merrell Dow* still "remains good law and stands for the proposition that Congress's failure to provide a federal cause of action in a statute may be indicative of its intent not to provide a federal forum for state law actions alleging violations of the statute." *McCormick v. Excel Corp.* 413 F.Supp.2d 967, 969 (E.D.Wisc. 2006).

Other courts that have addressed this issue have found that punitive damages claims under the NJPLA do not warrant "arising under" jurisdiction. *DeAngelo-Shuayto*, 2007 WL

4365311, at * 9; *Von Essen v. C.R. Bard, Inc.*, No. 06-4786, 2007 WL 2086483, *5 (D.N.J. June 18, 2007) (holding that punitive damages claims under the NJPLA does not raise a sufficient federal question). In *DeAngelo-Shuayto*, the defendants had presented similar arguments as Organon for the exercise of federal jurisdiction, that is, arguing that plaintiff's punitive damages claims under the NJPLA contained embedded substantial questions of federal law. 2007 WL 4365311, at *6-7. The court disagreed with the defendants characterization of plaintiffs claims and stated that "Organon's attempt to federalize Plaintiff's punitive damages and fraud claims goes beyond what the *Grable* line of jurisprudence will admit." *Id*. at * 7. Looking at the claims in light of the *Grable* standard, the court found that the reasoning of *Merrell Dow* provided the best guidance to determine whether federal jurisdiction exists. *Id*. at *8. The court found that the federal issue was not substantial enough to exercise federal jurisdiction because it did not depend on construction of federal law. *Id*. at * 9. The meaning of the federal statute was not in dispute. *Id*. Thus, the court found that the embedded federal issues in the state law claims did not create federal jurisdiction. *Id*.

This Court finds the holding of *DeAngelo-Shuayto* highly persuasive and agrees that Plaintiffs' punitive damages claims do not give rise to federal jurisdiction. The determination of Plaintiffs' punitive damages claims does not rest on the interpretation of federal law. Here, the cases centers around the issue of liability which is exclusively governed by state law. The resolution of Plaintiffs' claims do not require a court to analyze a substantial federal issue. Merely because the NJPLA requires a plaintiff to show fraud on the FDA to recover punitive damages, this is insufficient to present a substantial federal issue. *Id*. This case is

8

distinguishable from *Grable* where the application of the federal law was the only real issue in the case. *Grable*, 545 U.S. at 315.

Further, Organons' expansive reading of *Grable* would confer federal jurisdiction anytime there is a federal issue imbedded in state law claims. This is not the holding that the Supreme Court envisioned when deciding *Grable*. *See Empire Healthchoice Assur., Inc. V. McVeigh*, 547 U.S. 677, 699-71 (2006). The type of jurisdiction discussed in *Grable* has been interpreted by lower courts to be narrow and unusual. *Bennett et al. v. Southwest Airlines Co.*, *et al.*, Nos. 06-317, 06-318, 06-319, 06-330, 06-331, 06-332, 06-2202, 06-2203, 2006 WL 1987821, at *2 (N.D.Ill. July 13, 2006); *Kostmayer Construction, LLC v. M.R. Pittman Group LLC*, No. 07-7814, 2007 WL 4553991, at *3 (E.D.La. Dec. 19, 2007).

Organons' reliance on the Supreme Court's opinion in *Buckman* is also misplaced. In *Buckman* the Supreme Court held that "state-law fraud-on-the-FDA claims conflict with, and are therefore impliedly preempted by, federal law." *Buckman*, 531 U.S. at 348. In finding that state-law fraud-on-the-FDA claims are preempted*,* the Supreme Court was concerned that state-law fraud-on-the FDA claims would conflict with the FDA's responsibility to police fraud on the FDA. *Id*. at 350. Critical to the Court's analysis was that the plaintiffs were not relying on traditional state tort law principals that predated the federal laws, rather the "existence of these federal enactments [was] a critical element in their case." *Id*. at 353.

Although *Buckman* is binding in that state law fraud on the FDA claims are preempted, this holding is not applicable to the situation before this Court. *Von Essen*, 2007 WL 2086483, *3-5; *DeAngelo-Shuayto*, 2007 WL 4365311, at *7; *Aredia and Zometal Products Liability Litigation*, No. 06-1760, 2007 WL 649266, *8 (M.D.Tenn. Feb. 27, 2007). *Buckman* only holds

9

that state-law fraud on the FDA claims are preempted but does not speak to when a state law claim "incorporates federal law as setting forth the standard of offending conduct." *DeAngelo-Shuayto*, 2007 WL 4365311, * 7. The issue in this case is whether Plaintiffs' claism "arise under" federal law, not whether there is preemption under *Buckman*. Thus, the analysis of *Buckman* and it is progeny are not instructive to the present issue. *Id.* at *8 (evaluating post *Buckman* cases); *Von Essen*, 2007 WL 2086483 (same).

Accordingly, the Court finds that Plaintiffs' state claims do not give rise to federal jurisdiction.

### III. DIVERSITY JURISDICTION

Alternatively, Organon seeks to establish this Court's jurisdiction pursuant to 28 U.S.C. § 1332. Under § 1332, district courts have original jurisdiction in any action where the amount in controversy exceeds $75,000 and the parties are citizens of different states. If these conditions exist, an action originally brought in state court may be removed by a defendant on the basis of diversity. 28 U.S.C. §1441(a). But this right is not absolute. Where the jurisdiction of the federal court is based on diversity of citizenship, removal is precluded if any defendant who was properly joined and served is a citizen of the forum state where the state suit was filed. 28 U.S.C. 1441(b). This rule, commonly referred to as the "forum defendant rule" or the "in-state defendant rule," essentially acts as a limitation on the types of defendants that may remove and was designed to preserve the plaintiff's choice of forum state, under circumstances where it is arguably less imperative to provide a federal forum to prevent prejudice against an out-of-state party. *See Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 939 (9th Cir. 2006) (noting that the purpose of the forum defendant rule is to "protect out-of-state defendants from possible

prejudices in state court" and "[t]he need for such protection is absent, however, in cases where the defendant is a citizen of a state in which the case is brought."). The forum defendant rule "reflects the belief that federal diversity jurisdiction is unnecessary because there is less reason to fear state court prejudice against the defendant if one or more of them are from the forum state." Erwin Chemerinsky, *Federal Jurisdiction* § 5.5 (4th ed. 2003).

Organon asserts that even though it is an in-state defendant, the forum defendant rule is not applicable here. Organon argues that §1441(b) only prohibits removal where the forum defendant is "properly joined and served" and therefore because Organon was not served with a tracking assignment number as required by New Jersey law, removal is not barred under this section. Organon's position is based on a literal reading of the language of 1441(b) because the statute on its face, only appears to prohibit removal in diversity cases where one of the "parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." According to this proposed construction, the statute's "properly joined and served" language would be a necessary condition in order for this proscription to apply. Thus, strictly construed, the forum defendant rule would not preclude removal by an in-state defendant who has not been "properly joined and served" at the time of removal.

Plaintiffs counter with the argument that the strict adherence to the plain language of the statute would defeat the purpose of the forum defendant rule and promote a type of procedural gamesmanship whereby defendants may preempt a plaintiff's choice of forum by monitoring the dockets at the courts and removing the case immediately upon the filing of the complaint, even before the plaintiff has had the opportunity to serve them. To avoid construing the statute to

11

allow such results, the Plaintiffs therefore, ask this Court to ignore the plain language of § 1441(b) and grant remand.

Numerous rules of construction are employed by courts when considering a challenge to the constitutionality, meaning, or application of a statute. But the foundation of all endeavors of statutory interpretation is the principle that the courts must look to the plain meaning of the words used. *Rosenberg v. XM Ventures,* 274 F.3d 137, 141 (3d Cir. 2001). Simply stated, this "plain meaning" rule holds that when the meaning of a legislative text is apparent from the language of the statute itself, courts are bound by the words of the text and may not consult any outside material in an attempt to interpret it. Rather the courts must simply apply the text as written.

Although a court's primary purpose in statutory interpretation is to discern legislative intent, *see Id.*, where the plain meaning rule applies, it is presumed "that the legislative purpose is expressed by the ordinary meaning of the words used." *Richards v. United States*, 369 U.S. 1, 9 (1962); *Reiter v. Sonotone Corp.*, 442 U.S. 330, 337,(1979) (finding that the starting point in statutory interpretation is the language employed by Congress). As articulated by the Supreme Court, it is the duty of courts "to give effect, if possible to every clause and word of a statute." *United States v. Menasche*, 348 U.S. 528, 538-39 (1955) (quoting *Montclair v. Ramsdell*, 107 U.S. 147, 152 (1883)); *U.S. v. Canals-Jimenez*, 943 F.2d 1283, 1287 (11th Cir. 1991) (stating that when interpreting a statute, the court must, to the extent possible, give each word meaning so that " no words shall be discarded as being meaningless, redundant or mere surplusage").

In examining the forum defendant rule embodied in §1441(b), it is apparent that the "properly joined and served" clause unambiguously imposes an express limitation upon the

forum defendant rule. The plain effect of this language is to restrict the class of defendants to which the proscription applies and as a result such clear language cannot be ignored when giving effect to §1441(b). Thus without more, 1441(b) must be interpreted to require proper joinder and service as a precondition of invoking the statute's proscription against removal. *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980) (stating '[a]bsent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive").

However, a departure from plain meaning may be justified in only "rare and exceptional circumstances," *TVA v. Hill*, 437 U.S. 153, 187 fn. 33 (1978), and where the literal application of a statute would render inconsistencies or unreasonable outcomes, the law will not be interpreted to produce an absurd result. *Public Citizen v. Department of Justice*, 491 US 440, 470 (1989) (Kennedy J., concurring) (noting that absurd result allows judiciary to avoid applying the statute's plain meaning); *Green v. Bock Laundry Mach. Co.*, 490 US 504, 527 (1989) (Scalia, J., concurring); *Rowland v. California Men's Colony,* 506 U.S. 194 (1993).

This doctrine permits courts to avoid an absurd application of an otherwise clear statute. Under this, the plain meaning will not be followed if the plain meaning "will produce a result demonstrably at odds with the intention of the drafters." *Griffin v. Oceanic Contractors, Inc.*, 458 US 564, 571 (1982). Here, a strict application of section 1441(b) "properly joined and serve" language is at odds with the judicially evinced purpose of the forum defendant rule because it would result in an untenable result that forum defendants can remove actions from state court to federal court so long as they do so before they are served. *DeAngelo-Shuayto*, 2007 WL 4365311, at *5. From a pragmatic standpoint, a literal application would allow defendants

to avoid the imposition of the forum defendant rule as long as they are monitoring state dockets and avoiding service  *Id*.  Such absurd results may be sufficient to allow the court depart from the plain meaning of the statute's "properly joined and served"language to preserve the intentions of the drafters.

Following the Supreme Court's directive to give effect to every word and clause contained in the federal statute, the Court follows the holdings of prior courts that have addressed this language and finds that the purpose of § 1441(b)'s "properly joined and served" language is to preclude a plaintiff from fraudulently joining an in-state defendant to defeat removal that the plaintiff has no intention of proceeding against. *DeAngelo-Shuayto*, 2007 WL 4365311; *Stan Winston Creatures, Inc., et al. v. Toys "R" US, Inc., et al.*, 314 F.Supp.2d 177, 181 (S.D.N.Y. 2003); *Holmstrom v. Harad*, No. 05-2714, 2005 WL 1950672, at *2 (N.D.Ill. Aug11, 2005); *Aredia and Zometa Products Liability Litigation*, No. 07-0779, 2007 WL 2905247, at  *2 (M.D.Tenn. Oct. 3, 2007).  Such courts have held that permitting the in-state defendants remove based on the "properly joined and served" language would frustrate the purpose of § 1441(b) and lead to a result at odds with the statute's purpose.  *Contra Thompson v. Novartis Pharmaceuticals Corp.*, No. 06-6280, 2007 WL 1521138 (D.N.J. May 22, 2007); *Yocham v. Novartis Pharmaceuticals Corp.*, No. 07-1810, 2007 WL 2318493 (D.N.J. Aug 13. 2007); *Ripley v. Eon Labs Inc.*, No. 07-912, 2007 WL 2406806 (D.N.J. Aug. 16, 2007); *Jaeger v. Schering Corp.*, No. 07-3456, 2007 WL 3170125 (D.N.J. Oct. 25, 2007).

In *DeAngelo-Shuayto*, the court precluded removal where as here, the defendant was an in-state defendant.  The plaintiff had served a Complaint and unsigned Summons on an administrative legal assistant of the defendant. *DeAngelo-Shuayto,* 2007 WL 4365311, at *1.

The defendant removed the action shortly thereafter and argued that at the time of removal it was not properly "joined and served." *Id*. at *2. The court acknowledged that the plain language of the statute would not preclude a forum defendant to remove so long as they did so before being served. *Id*. at *4. However, the court found that following the plain language of the statute could lead to a result at odds with the intent of Congress, and in such situations the court should "interpret the statute in a manner congruent with the legislative intent." *Id*. (citing *U.S. v. Am. Trucking Ass'ns*, 310 U.S. 534, 542 (1940)). The court found that permitting an in-state defendant to remove an action based on diversity jurisdiction would frustrate the policy underlying the forum defendant rule. *Id*. at *5. The Court further found that a "literal interpretation of the provision (§ 1441(b)) creates an opportunity for gamesmanship by defendants, which could not have been the intent of the legislature in drafting 'properly joined and served' language." *Id*. Thus, as a result of such an absurd outcome, the Court found that "a forum defendant cannot remove to federal court even if the forum defendant has not been 'properly joined and served.'" *Id*.

The Court agrees with *DeAngelo-Shuayto* and finds that when the removing party is a forum defendant a strict application of § 1441 would frustrate the policy underlying the statute and lead to a result at odds with the statute's purpose. Allowing a forum defendant to use diversity jurisdiction to remove on a technical defect and not on the substantive basis of the citizenship of the parties would lead to an absurd result. A defendant should not be rewarded with federal jurisdiction because when, had the Plaintiffs served Organon properly, the forum defendant rule would bar removal. The Court finds it hard to accept that Congress would permit federal jurisdiction based on a windfall. Further, because Organon is an in-state defendant, there

15

is no concern that Organon would be unduly prejudiced by litigating in state court. Therefore, a federal forum is not necessary to protect the interests of Organon.

Therefore, the Court finds that § 1441(b) bars a forum defendant from removing to federal court even if they have not been "properly joined and served." Accordingly, the Court will not permit Organon to remove based on § 1441(b).

### III. ATTORNEYS' FEES AND COSTS

Plaintiffs also request that this Court award it costs and fees pursuant to 28 U.S.C. § 1447(c). Section 1447(c) provides in pertinent part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has held that "[a]bsent unusual circumstances, a court may award attorney's fees under section 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.* 546 U.S. 132, 141 (2005). Although this Court disagrees with Organon, it does not find its arguments without merit and unreasonable. Accordingly, fees and costs will not be awarded.

### IV. CONCLUSION

For the reasons set forth above, the undersigned recommends that the District Court **GRANT** Plaintiffs' motions to remand and to remand all cases listed in Appendix A. Pursuant to Local Civil Rule 72.1, the parties have ten days from receipt of this Report and Recommendation to file and serve any objections.

s/ Esther Salas<br>
**HONORABLE ESTHER SALAS,**<br>
**United States Magistrate Judge**

# APPENDIX A

| |
|---|
| *Savoie v. Organon USA, Inc. et al.,* Civil Action No. 07-2835 |
| *Barrow v. Organon USA, Inc. et al.*, Civil Action No. 07-2873 |
| *Brown et al. v. Organon International Inc. et al.,* Civil Action No. 07-3092 |
| *Bonnee v. Organon USA, Inc. et al.*, Civil Action No. 07-3262 |
| *Buckner v. Organon USA, Inc. et al.,* Civil Action No. 07-3264 |
| *Byrd et al. v. Organon USA, Inc. et al.,* Civil Action No. 07-3265 |
| *Coyle et al. v. Organon USA, Inc. et al.,* Civil Action No. 07-3266 |
| *Disselhorst-Reese v. Organon USA, Inc. et al.,* Civil Action No. 07-3267 |
| *Ebner v. Organon USA, Inc. et al.,* Civil Action No. 07-3268 |
| *Gambale v. Organon USA, Inc.* et al., Civil Action No. 07-3269 |
| *Grayned v. Organon USA, Inc. et al.,* Civil Action No. 07-3270 |
| *Griffith et al. v. Organon USA, Inc. et al.,* Civil Action No. 07-3300 |
| *Hampton et al. v. Organon USA, Inc. et al.,* Civil Action No. 07-3301 |
| *Hawes et al. v. Organon Inc. et al.,* Civil Action No. 07-3302 |
| *Hendricks v. Organon USA, Inc.,* Civil Action No. 07-3303 |
| *Kippola v. Organon Inc. et al.,* Civil Action No. 07-3304 |

| |
|---|
| *Mariconda v. Organon USA, Inc. et al.,* Civil Action No. 07-3305 |
| *McCarthy v. Organon Inc. et al.,* Civil Action No. 07-3306 |
| *Medina v. Organon USA, Inc. et al.,* Civil Action No. 07-3307 |
| *Moore et al. v. Organon Inc. et al.*, Civil Action No. 07-3308 |
| *Nickels v. Organon Inc. et al.,* Civil Action No. 07-3328 |
| *Nolan v. Organon USA, Inc. et al.,* Civil Action No. 07-3329 |
| *Ponce v. Organon Inc. et al.,* Civil Action No. 07-3330 |
| *Richardson v. Organon USA, Inc. et al.*, Civil Action No. 07-3331 |
| *Stamps et al. v. Organon Inc. et al.,* Civil Action No. 07-3332 |
| *Townes v. Organon USA, Inc. et al.,* Civil Action No. 07-3333 |
| *Usher et al. v. Organon Inc. et al.,* Civil Action No. 07-3334 |
| *Vialva v. Organon Inc. et al.*, Civil Action No. 07-3336 |
| *Wagner v. Organon USA, Inc. et al.*, Civil Action No. 07-3337 |
| *Hunger v. Organon USA, Inc. et al.*, Civil Action No. 07-5253 |
| *Namack v. Organon USA, Inc., et* al., Civil Action No. 07-5757 |
| *Ziwange et al. v. Organon USA, Inc., et al.*, Civil Action No. 07-5758 |
| *Mecca v. Organon USA, Inc., et al.*, Civil Action No. 07-5780 |

| |
|---|
| *Leach v. Organon USA, Inc., et al.*, Civil Action No. 07-5915 |
| *Tremblay et al. v. Organon USA, Inc., et al.*, Civil Action No. 07-5916 |
| *Rowe v. Organon USA, Inc., et al.*, Civil Action No. 07-5933 |
| *Summers v. Organon USA, Inc., et al.*, Civil Action No. 07-6164 |
| *Evaul et al. v. Organon USA, Inc., et al.*, Civil Action No. 07-6165 |
| *Millan v. Organon USA, Inc., et al.*, Civil Action No. 08-196 |
| *Vaughn v. Organon USA, Inc., et al.*, Civil Action No. 08-260 |
| *Haupt v. Organon USA, Inc., et al.*, Civil Action No. 08-388 |
| *Gordon v. Organon USA, Inc., et al.,* Civil Action No. 08-571 |
| *Thomas v. Organon USA, Inc., et al,* Civil Action No. 08-573 |
| *West v. Organon USA, Inc., et al.*, Civil Action No. 08-574 |
| *Timothy v. Organon USA, Inc., et al.*, Civil Action No. 08-575 |
| *McCullough. v. Organon USA, Inc., et al.,* Civil Action No. 08-849 |
| *Bartelmez v. Organon USA, Inc., et al.*, Civil Action No. 08-1656 |